No. 21-2263

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

BESTWALL LLC,

Defendant-Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC. ASBESTOS PERSONAL INJURY SETTLEMENT TRUST; CELOTEX ASBESTOS SETTLEMENT TRUST; FLINTKOTE ASBESTOS TRUST; PITTSBURGH CORNING CORPORATION PERSONAL INJURY SETTLEMENT TRUST; WRG ASBESTOS PI TRUST; FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST; BABCOCK & WILCOX COMPANY ASBESTOS PI TRUST; UNITED STATES GYPSUM ASBESTOS PERSONAL INJURY SETTLEMENT TRUST; OWENS CORNING / FIBREBOARD ASBESTOS PERSONAL INJURY TRUST; AND DII INDUSTRIES, LLC ASBESTOS PI TRUST, *et al.*

Plaintiff-Appellees.

On Appeal from the District Court for the District of Delaware,
No. 1:21-mc-00141-CFC
(Underlying Case before the Bankruptcy Court for the Western
District of North Carolina, No. 17-BK-31795 (LTB))

## APPELLEES THIRD PARTY TRUSTS' RESPONSE
## IN OPPOSITION TO MOTION TO EXPEDITE APPEAL

The ten asbestos settlement trusts identified below[1] (the "Trusts"), by and through their undersigned counsel, respectfully submit this response in opposition

---

[1] The ten trusts are:

to Appellant Bestwall LLC's ("Bestwall") Motion to Expedite Appeal (the "Motion to Expedite").

## INTRODUCTION

This appeal arises out of the District Court's discretionary decision to quash third-party discovery subpoenas that sought the sensitive, confidential data of thousands of trust claimants for Bestwall's private use. Bestwall, a debtor and debtor-in-possession in a pending chapter 11 bankruptcy case, previously subpoenaed from the Trusts and their claims processor extraordinarily sensitive claims files relating to more than 15,000 trusts claimants ("Trust Claimants").

Following the issuance of the subpoenas, the Trusts, as fiduciaries of the Trust Claimants' data, moved to quash the subpoenas in the United States District Court for the District of Delaware (the "District Court"). The District of Delaware is the district of compliance under Federal Rule of Civil Procedure 45(d)(3)(A), as well as

---

- The Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust;
- The Celotex Asbestos Settlement Trust;
- The DII Industries, LLC Asbestos PI Trust;
- The Flintkote Asbestos Trust;
- The Pittsburgh Corning Corporation Personal Injury Settlement Trust;
- The WRG Asbestos PI Trust;
- The Federal-Mogul Asbestos Personal Injury Trust;
- The Babcock & Wilcox Company Asbestos PI Trust;
- The United States Gypsum Asbestos Personal Injury Settlement Trust; and
- The Owens Corning / Fibreboard Asbestos Personal Injury Trust.

2

the district that created a majority of the Trusts and bound them as fiduciaries of the Trust Claimants' data.

The District Court, finding that Bestwall sought "sweeping" Trust Claimant data and that the subpoenas failed to provide adequate protections for the confidential data, granted the Trusts' motion to quash. Following its unsuccessful attempts to re-write and circumvent the District Court's decision, Bestwall filed this appeal.

Bestwall now moves to expedite the appeal under Local Rule of Appellate Procedure 4.1, citing concerns of delay to its underlying bankruptcy proceeding and claims that its bankruptcy proceeding furthers a "public interest." Bestwall, however, has failed to carry its burden to set forth any exceptional reasons warranting expedition. Rather, Bestwall (i) attempts to contort the applicable Local Rule 4.1 standard, and (ii) merely offers boilerplate reasons for expedition. Bestwall's Motion to Expedite should therefore be denied.

## BACKGROUND

**I.     The Trusts' Strong Connections to Delaware and Contract with DCPF to Process Trust Claimants' claims**

Each of the Trusts was established by one or more corporate debtors-in-possession to assume those debtors' present and future liability for asbestos-related personal injury claims, as a prerequisite to having a United States District Court issue an asbestos claims channeling injunction pursuant to 11 U.S.C. §524(g) to

supplement the terms of the confirmation order in the debtor's bankruptcy case. The Trusts are limited funds whose sole purpose is to pay victims of asbestos-related diseases caused by the debtors' products. The Trust Agreements establishing each of the Trusts require the trustees to administer, maintain, and operate the Trusts pursuant to certain written Trust Distribution Procedures ("TDP"), provisions of which – both the Trust Agreement and the TDP – were approved by a United States District Court. A majority of the Trust Agreements and TDPs were approved in the District of Delaware.[2]

For the Trusts to pay claims, Trust Claimants must provide comprehensive, sensitive, personal information, which may include detailed information about the claimant's (i) family, (ii) financial situation, and (iii) health information, including non-asbestos related medical diagnoses. The TDPs for nine of the Trusts provide the Trust shall "on its own initiative" take steps to preserve the confidentiality of the Trust Claimants' data.[3] This sensitive information is held on behalf of the Trusts in

---

[2] Each of the bankruptcy cases was conducted in the District of Delaware, other than those of Pittsburgh Corning Corporation and DII Industries, LLC, which were conducted in the Western District of Pennsylvania; Celotex Corporation, which was conducted in the Middle District of Florida; and Babcock & Wilcox Company, which was conducted in the Eastern District of Louisiana.

[3] The Celotex Asbestos Settlement Trusts' procedures are older in form and are called Claims Resolution Procedures. While they do not contain precisely the same language, they do state that "[a]ll materials, records and information submitted by claimants…are confidential, submitted solely for settlement purposes."

Delaware by the Delaware Claims Processing Facility ("DCPF"), with which the Trusts have contracted to process the Trust Claimants' claims according to the criteria and protocols of each Trust's TDP.

## II. Bestwall Moves Pursuant to Bankruptcy Rule 2004 to Obtain the Trust Claimant's Data

Bestwall is the debtor and debtor-in-possession in a pending chapter 11 bankruptcy case in the Western District of North Carolina, Case No. 17-BK-31795 (LTB) (the "Bankruptcy Proceeding"). In an attempt to resolve the value of Bestwall's liability for certain current and future mesothelioma claims, Bestwall has moved the bankruptcy court to estimate its liability for these claims. Bestwall seeks evidence to support its argument that the value of its estimated liability for the present and future asbestos personal injury claims is lower than that of the claims it paid prior to bankruptcy.

To obtain this evidence, on July 31, 2020, Bestwall moved under Bankruptcy Rule 2004 (the "2004 Motion") for authority to issue a subpoena on DCPF for the production of electronically stored data concerning all of Bestwall's roughly 15,000 settled mesothelioma claimants who also filed a claim against one or more of the Trusts.[4] Consistent with its duty under its agreements with the Trusts to use its best efforts – when required to disclose confidential information – to ensure that such

---

[4] Bestwall also sought authority to issue subpoenas on the Trusts, if the DCPF was to assert that was necessary to secure production.

5

information will be treated as confidential by all who receive it, DCPF objected to the 2004 Motion. DCPF requested the Court deny the 2004 Motion or, alternatively, require additional measures to protect the Trust Claimants' data (including limiting the production to a random 10% sample and requiring pre-production anonymization).

### III.   The Bankruptcy Court Grants the 2004 Motion

On March 24, 2021, the Bankruptcy Court entered an order granting the 2004 Motion subject to certain provisions governing confidentiality. The March 24 Order did not, however, limit the production of data to a random sample of no more than 10% of the 15,000 claims at issue or authorize pre-production anonymization. By omitting these two key protections, the March 24 Order left the Trust Claimants' data exposed to an unjustifiable data breach risk and potential misuse. Bestwall then served the subpoenas on the Trusts and DCPF on April 2 and April 5, 2021.

### IV.   The District Court Quashes the Overbroad Subpoenas

Pursuant to the Trusts' obligations in the TDPs and Trust Agreements to ensure that Trust Claimant's data is securely protected, the Trusts moved to quash the subpoenas in the District Court as required by Federal Rule of Civil Procedure 45(d)(3)(A). The Trusts sought to quash the subpoenas as overbroad or, alternatively, modify them to (i) limit the production of Trust Claimants' data to a random sample of no more that 10% of the 15,000 mesothelioma victims at issue;

6

and (ii) authorize DCPF, or a neutral third party, to anonymize the data before producing it. Bestwall opposed the motion to quash and moved to transfer the matter to the Bankruptcy Court pursuant to Federal Rule of Civil Procedure 45(f).

On June 1, 2021, following full briefing on the Trusts' motion to quash and Bestwall's motion to transfer[5], the District Court entered an order denying the motion to transfer and granting the Trusts' motion to quash (the "June 1 Order"). Exercising its discretion under Rule 45(f), the District Court denied the motion to transfer. The District Court determined that, given the Trusts' strong connection to the District of Delaware and because the Trust Claimants' data was located there, the Trusts had a strong interest in resolving the motion to quash locally and that transfer would significantly burden those interests. Mem. Op. 12-13 (D. Del. D.I. 29).

In granting the motion to quash, the District Court determined that the subpoenas sought "sweeping personal data" and the Bankruptcy Court's March 24 Order failed to provide sufficient safeguards for the Trust Claimants' data. *Id.* 13, 16. The District Court further determined that the protections provided in the March 24 Order failed to comply with those provided in *In re Motions Seeking Access to*

---

[5] Bestwall falsely represents that the District Court failed to provide it "with a full opportunity to brief the issues" with regard to the motion to quash and motion to transfer. Mot. to Expedite 2-3. The parties filed full briefing on both motions. *See* D. Del. D.I. 1, 5, 12, 14, 15, 16 (the opening, response, and reply briefs on the motions to quash and transfer).

*2019 Statements*, 585 B.R. 7333 (D. Del. 2018) (the "*Access Decision*"), which limited the disclosure of other asbestos claimants' data. Mem. Op. 14-15.

The District Court granted the motion to quash "without prejudice to Bestwall's right to seek reissuance of subpoenas seeking a narrower document production consistent with the protections afforded by the DE Bankruptcy Court's prior Access Decision." Order (D. Del. D.I. 30). The District Court also directed the parties to work together to set the appropriate parameters for the revised subpoenas.

## V.   Bestwall's Attempt to Circumvent the June 1 Order

Unwilling to accept the District Court's June 1 Order, Bestwall subsequently sought to circumvent the District Court's decision to better serve its interests. Despite the District Court having directed the parties to work together to revise the subpoenas, Bestwall unilaterally revised the subpoenas. Bestwall then filed an emergency motion in the Bankruptcy Court seeking the issuance of the revised subpoenas – subpoenas which failed to narrow the sweeping scope of the Trust Claimant's data sought as required by the June 1 Order. *Id.*

On June 16, 2021, in light of Bestwall's attempt to circumvent the June 1 Order, the Trusts moved the District Court for clarification. In response, Bestwall contended the proposed revisions "narrowed" the production and "would include all the protections contained in the *Access* Order, and more." Letter (D. Del. D.I. 32).

The District Court disagreed. On June 17, 2021, the Court granted the Trusts' motion to clarify (the "June 17 Order"). Order (D. Del. D.I. 33). In doing so, the Court stated the "language of its [June 1] Order [was] clear," but nevertheless clarified that:

> [a]ny revised subpoena by Bestwall, LLC must: (i) limit the production of Trust Claimants' data to a random sample of no more than 10% of the 15,000 mesothelioma victims at issue; (ii) authorize the Delaware Claims Processing Facility, or a neutral third party, to anonymize the Trust Claimants' data before producing it, and (iii) include additional protections consistent with the *Access Decision*.

*Id.* at 2.

## VI. Bestwall's Attempt to Circumvent the Clarified June 17 Order and Filing of this Appeal

Having been unsuccessful in its first attempt to evade the District Court's order, Bestwall asked the District Court to reconsider its decision under the guise of asking the Court to amend its prior orders pursuant to Federal Rule of Civil Procedure 59(e). While the motion to amend was pending, Bestwall noticed the instant appeal. On July 16, 2021, the District Court denied the motion to amend, finding Bestwall failed to meet its burden under Rule 59(e). Order (D. Del. D.I. 45).

Having its attempts to circumvent the District Court's order thwarted, on July 29, 2021, Bestwall moved this Court to expedite its appeal of this third-party discovery issue. Prior to seeking expedition, but after filing this appeal, Bestwall

again moved the Bankruptcy Court to issue new subpoenas. Debtor's Mot. to Authorize Issuance and Service of New Subpoena (Bankr. D.I. 1924).

## ARGUMENT

Under Local Rule of Appellate Procedure 4.1, the party seeking expedited treatment must "set forth the exceptional reason that warrants expedition." 3d Cir. L.A.R. 4.1 (2011). Where a party fails to set forth an exceptional reason, a motion to expedite should be denied. *See, e.g.*, *Orozco-Arroyo v. Att'y Gen.*, 794 F. App'x 151, 152 (3d Cir. 2020) (denying motion to expedite where motion was not supported by an exceptional reason); *Germany v. Power 105.1 Radio*, 790 F. App'x 442, 444 n.2 (3d Cir. 2019) ("We deny Appellant's motion to expedite, as he has offered no reason to warrant expedition.").

Initially, Bestwall's reliance on Federal Rule of Appellate Procedure 2 and its Advisory Committee Notes is misplaced. Attempting to warp the "exceptional reason" standard provided in Local Rule 4.1, Bestwall asserts that Rule 2's Advisory Committee Notes permit the Court "to expedite the determination of cases of pressing concern to the public or the litigants…." Fed. R. App. P. 2, Adv. Comm. Note (1967); Mot. to Expedite 12. Rule 2, however, does not relieve Bestwall of its burden to set forth an exceptional reason to expedite this appeal.

Rule 2 provides for the "suspension" of the Rules of Appellate Procedure in certain circumstances. In this Circuit, Rule 2 is typically applied "to suspend the

requirements of certain other rules 'to ensure that justice is not denied on the basis of a mere technicality.'" *See, e.g.*, *Marshall v. Comm'r Pa. Dep't of Corr.*, 840 F.3d 92, 98 n.3 (3d Cir. 2016) (citation omitted). The Advisory Committee Notes further explain that Rule 2's "primary purpose" is to "make clear the *power* of the courts of appeals to . . . proscrib[e] a time schedule other than that provided by the rules." *Id.* (emphasis created).

Rule 2 and its Advisory Committee Notes are inapplicable here. At the outset, there is no threat of justice being denied in this instance based on a mere technicality. Further, Rule 2 is an empowering rule that does not set forth the standard that Bestwall must meet to obtain expedition. Rather, through Local Rule 4.1 – a rule that neither references nor incorporates Rule 2 – this Court requires Bestwall to set forth an "exceptional reason" demonstrating that expedition is warranted. 3d Cir. L.A.R. 4.1 (2011).

Bestwall has failed to satisfy its burden to set forth an exceptional reason. This matter arises out of a third-party discovery dispute. This Court must decide whether the District Court properly exercised its discretion in granting the motion to quash and denying the motion to transfer. *See* Concise Summ. of the Case 2 (3d Cir. D.I. 9) (providing the issues presented are whether the District Court "erroneously" granted the motion to quash and "erroneously" denied the motion to transfer). There

11

is nothing exceptional about the posture or procedure of this case that warrants expedition.

In contrast, the important privacy concerns and data protection interests presented here militate against granting expedition and favor careful, thorough briefing and consideration. Fundamentally, this appeal calls into question the continuing confidentiality and security of 15,000 Trust Claimants' highly sensitive data. The Trust Claimants submitted this data to the Trusts with the understandable expectation that it would be kept confidential, and that the Trusts would protect the data as fiduciaries. Through its subpoenas, Bestwall seeks to obviate these protections and expectations by receiving unfettered access to the Trust Claimants' confidential data to for its own private purpose. As Bestwall's conduct demonstrates, it seeks to do this in the fastest way possible without regard to anything other than its own self-interests. The important privacy concerns and data protection interests presented here warrant full briefing from the parties to this appeal, rather than the abbreviated page limits and scheduling Bestwall seeks. Moreover, while this appeal raises important issues, this case is nevertheless a third-party discovery matter – not an emergency matter that must take precedence over the other weighty issues this Court must deal with.

Bestwall's arguments to the contrary fall well short of demonstrating an exceptional reason to expedite this appeal. Bestwall argues expedited relief is

warranted: (1) to avoid delay in the underlying bankruptcy proceeding, Mot. to Expedite 15; and (2) because its underlying Bankruptcy Proceeding purportedly serves a "public interest," *id.* at 13.

First, Bestwall's concern regarding delay is common to most, if not all, appeals involving third-party discovery. Whenever a party appeals a lower court's ruling on a third-party discovery matter there will invariably be a risk of delay to the related, underlying proceeding. This is not a case where delay will irreparably harm Bestwall's ability to obtain relief or foreclose Bestwall's entitlement to relief all together. *Cf. Onuchukwu v. Clinton*, 408 F. App'x 558, 560 (3d Cir. 2010) (granting motion to expedite where appellant would be permanently barred from relief if the appeal was not decided before the government's fiscal year ended). To the contrary, discovery schedules routinely are extended.

Second, Bestwall's assertion that its Bankruptcy Proceeding serves a "public interest" is not an exceptional reason for expediting this appeal. Bestwall asserts that, because it has amassed significant liability from its use of asbestos in its products and because the Bankruptcy Code provides it the ability to channel its liability to a trust, it is entitled to an expedited appellate process to obtain the Trust Claimants' data. This "public interest" argument should be rejected as nothing more than a veiled attempt by Bestwall to argue the alleged merits of its appeal. *See* Mot. to Expedite 13-14. Indeed, Bestwall's assertion that a public interest is served

through this appeal is premised on its overly-confident assertion that it will succeed before this Court. Not only is this argument improper at this juncture, it also is not an exceptional reason for expediting appeal. Much like its delay concern, Bestwall's belief that its appeal has merit is common to all appeals.

In sum, Bestwall has failed to set forth any exceptional reasons for expediting this appeal. There are no exceptional reasons to warrant expediting this third-party discovery case, which implicates the significant privacy interests of approximately 15,000 Trust Claimants. Bestwall proffers only boilerplate, generic reasons that fail to satisfy its burden under Local Rule 4.1. The Motion to Expedite must therefore be denied. *See, e.g.*, *In re Walsh*, 229 F. App'x 58, 61 (3d Cir. 2007) (denying motion to expedite under Local Rule 4.1 where movant did not present an exceptional reason).

## CONCLUSION

For the foregoing reasons, the Trusts respectfully request the Court deny Bestwall's Motion to Expedite, and order the appeal move forward in accordance with the standard briefing schedule the Court issued on July 28, 2021.

Dated:　　August 5, 2021

　　　　　　　　　　　　　　　　　　　　*/s/ Beth Moskow-Schnoll*
　　　　　　　　　　　　　　　　　　　　Beth Moskow-Schnoll (No. 2900)
　　　　　　　　　　　　　　　　　　　　Ballard Spahr LLP
　　　　　　　　　　　　　　　　　　　　919 N. Market Street, 11th Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　Tel: (302) 252-4447
　　　　　　　　　　　　　　　　　　　　moskowb@ballardspahr.com

*Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; Celotex Asbestos Settlement Trust; DII Industries, LLC Asbestos PI Trust; Flintkote Asbestos Trust; Pittsburgh Corning Corporation Personal Injury Settlement Trust; WRG Asbestos PI Trust; Federal-Mogul Asbestos Personal Injury Trust; Babcock & Wilcox Company Asbestos PI Trust; United States Gypsum Asbestos Personal Injury Settlement Trust; and Owens Corning / Fibreboard Asbestos Personal Injury Trust*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with: (1) the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 3,043 words, excluding the items identified in Fed. R. App. P. 32(f); and (2) the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (a)(6) because it has been prepared in a proportionally spaced 14-point font using Microsoft Word.

Dated:      August 5, 2021

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (No. 2900)
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
moskowb@ballardspahr.com

*Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; Celotex Asbestos Settlement Trust; DII Industries, LLC Asbestos PI Trust; Flintkote Asbestos Trust; Pittsburgh Corning Corporation Personal Injury Settlement Trust; WRG Asbestos PI Trust; Federal-Mogul Asbestos Personal Injury Trust; Babcock & Wilcox Company Asbestos PI Trust; United States Gypsum Asbestos Personal Injury Settlement Trust; and Owens Corning / Fibreboard Asbestos Personal Injury Trust*

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 21-2263

BESTWALL LLC,

Defendant-Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC. ASBESTOS PERSONAL INJURY SETTLEMENT TRUST, *et al.*

Plaintiff-Appellees.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2021, a true and correct copy of the foregoing document was caused to be served via the Court's electronic filing system upon all parties to this matter as provided for under Third Circuit Local Rule of Appellate Procedure 113.4(c).

Dated:     August 5, 2021

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (No. 2900)
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
moskowb@ballardspahr.com

*Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; Celotex Asbestos Settlement Trust; DII Industries, LLC Asbestos PI Trust; Flintkote Asbestos Trust; Pittsburgh Corning Corporation Personal Injury Settlement Trust; WRG Asbestos PI Trust; Federal-*

*Mogul Asbestos Personal Injury Trust; Babcock & Wilcox Company Asbestos PI Trust; United States Gypsum Asbestos Personal Injury Settlement Trust; and Owens Corning / Fibreboard Asbestos Personal Injury Trust*