No. 21-2263

---

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

BESTWALL LLC,

Defendant-Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC. ASBESTOS PERSONAL INJURY SETTLEMENT TRUST; CELOTEX ASBESTOS SETTLEMENT TRUST; FLINTKOTE ASBESTOS TRUST; PITTSBURGH CORNING CORPORATION PERSONAL INJURY SETTLEMENT TRUST; WRG ASBESTOS PI TRUST; FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST; BABCOCK & WILCOX COMPANY ASBESTOS PI TRUST; UNITED STATES GYPSUM ASBESTOS PERSONAL INJURY SETTLEMENT TRUST; OWENS CORNING / FIBREBOARD ASBESTOS PERSONAL INJURY TRUST; AND DII INDUSTRIES, LLC ASBESTOS PI TRUST, *et al.*

Plaintiff-Appellees.

---

On Appeal from the District Court for the District of Delaware,
No. 1:21-mc-00141-CFC
(Underlying Case before the Bankruptcy Court for the Western
District of North Carolina, No. 17-BK-31795 (LTB))

---

# BRIEF FOR APPELLEES THIRD PARTY ASBESTOS TRUSTS

Beth Moskow-Schnoll
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
E-mail: moskowb@ballardspahr.com

*Counsel for Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; Celotex Asbestos Settlement Trust; DII Industries, LLC Asbestos PI Trust; Flintkote Asbestos Trust; Pittsburgh Corning Corporation Personal Injury Settlement Trust; WRG Asbestos PI Trust; Federal-Mogul Asbestos Personal Injury Trust; Babcock & Wilcox Company Asbestos PI Trust; United States Gypsum Asbestos Personal Injury Settlement Trust; and Owens Corning / Fibreboard Asbestos Personal Injury Trust*

## CORPORATE DISCLOSURE STATEMENT
## AND STATEMENT OF FINANCIAL INTEREST

### No. 21-2263

BESTWALL LLC,

Defendant-Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC. ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST, *et al.*

Plaintiff-Appellees.


On July 22, 2021, pursuant to Federal Rule of Appellate Procedure 26.1,
Appellees Third Party Asbestos Trusts (the "Trusts") filed their Corporate
Disclosure Statements and Statements of Financial Interest on the docket for this
matter. *See* 3d Cir. D.I. 13-22. In place of repeating those filings here, the Trusts
respectfully refer the Court to docket entries 13 through 22.

# **TABLE OF CONTENTS**

**Page**

ISSUE STATEMENT ................................................................................................. 1

STATEMENT OF RELATED CASES AND PROCEEDINGS............................. 1

STATEMENT OF THE CASE ............................................................................... 2

    I.     The Trusts' Strong Connections to the District of Delaware................................ 3

    II.    The Sensitive and Confidential Trust Claimant Data ............................................ 4

    III.   Bestwall Subpoenas the Trust Claimant Data Pursuant to Bankruptcy Rule 2004................................................................................................................ 5

    IV.   The District Court Quashes the Overbroad Subpoenas ......................................... 7

    V.    Bestwall's Attempt to Circumvent the June 1 Order ............................................. 9

    VI.   The District Court Clarifies the June 1 Order ...................................................... 10

    VII.  Bestwall's Attempt to Circumvent the District Court's Orders........................... 12

SUMMARY OF THE ARGUMENT .................................................................... 14

STANDARD OF REVIEW .................................................................................... 16

ARGUMENT ......................................................................................................... 17

    I.     Bestwall Waived its Meritless "Agency" and "Issue Preclusion" Arguments by Failing to Present them to the District Court .................................... 17

          A.    Bestwall Waived its Agency and Issue Preclusion Arguments by Failing to Raise Them Before the District Court ..................................... 17

          B.    Even if Considered, Bestwall's Agency and Issue Preclusion Arguments are Meritless ................................................................. 20

                  1.    DCPF did not Appear in the Bankruptcy Court as an Agent of the Trusts ................................................................. 21

                  2.    Issue Preclusion is Inapplicable Because the Trusts were not Parties to the Bankruptcy Proceeding ............................ 25

    II.    The District Court did not Abuse its Discretion by Relying on the Analogous Access Decision to Impose Additional Restrictions on the Use of the Trust Claimant data.............................................................. 27

    III.   The District Court did not Abuse its Discretion in Applying the Rule 45(d)(3)(A) Standard and Quashing the Overbroad Subpoenas ......................... 32

          A.    Bestwall's Wish to Have an Abuse of Discretion Standard Apply is Not Supported by the Law ........................................................... 32

          B.    The District Court Properly Applied Rule 45, which, as Bestwall Acknowledges, Governs Here ................................................. 35

CONCLUSION ...................................................................................................... 39

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A C & S Inc.*,
   775 F. App'x 78 (3d Cir. 2019) .........................................................29

*Araoz v. United States*,
   337 F. App'x 207 (3d Cir. 2009) .......................................................28

*Archer v. York City Sch. Dist.*,
   710 F. App'x 94 (3d Cir. 2017) .........................................................17

*Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*,
   793 F.3d 313 (3d Cir. 2015) .............................................................39

*Baccellieri v. HDM Furniture Indus., Inc.*,
   2013 WL 1088338 (Del. Super. Feb. 28, 2013) ...............................21

*Barefoot Architect, Inc. v. Bunge*,
   632 F.3d 822 (3d Cir. 2011) .............................................................19

*Bateman v. U.S. Postal Serv.*,
   231 F.3d 1220 (9th Cir. 2000) ..........................................................27

*In re Bestwall*,
   No. 17-BK-31795 (LTB) ....................................................................1

*Burlington Industries, Inc. v. Ellerth*,
   524 U.S. 742 (1998)......................................................................21, 22

*Covington v. Int'l Ass'n of Approved Basketball Offs.*,
   710 F.3d 114 (3d Cir. 2013) .............................................................22

*DiPaolo v. Moran*,
   407 F.3d 140 (3d Cir. 2005) .............................................................27

*Doe v. Hesketh*,
   828 F.3d 159 (3d Cir. 2016) .......................................................25, 26

*Finnegan Const. Co. v. Robino–Ladd Co.*,
   354 A.2d 142 (Del. Super. 1976).......................................................23

*Frank v. Colt Indus., Inc.*,
  910 F.2d 90 (3d Cir. 1990) ....................................................20

*Gage v. New Jersey*,
  408 F. App'x 622 (3d Cir. 2010) ....................................16, 34

*Gass v. V.I. Tel. Corp.*,
  311 F.3d 237 (3d Cir. 2002) ..............................................17

*Gladysiewski v. Allegheny Energy Serv. Corp.*,
  282 F. App'x 979 (3d Cir. 2008) ........................................19

*Holman v. City of York*,
  564 F.3d 225 (3d Cir. 2009) ..............................................27

*Huber v. Taylor*,
  532 F.3d 237 (3d Cir. 2008) ..........................................25, 26

*Johnson & Johnson v. Coopervision, Inc.*,
  720 F. Supp. 1116 (D. Del. 1989).......................................26

*Jurimex Kommerz Transit G.m.b.H v. Case Corp.*,
  2006 WL 1995128 (D. Del. July 17, 2006) .........................23

*Knerr v. Gilpin, Van Trump & Montgomery, Inc.*,
  1988 WL 40009, at *2 (Del. Super. Apr. 8, 1988) ............20

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) ..................................................19

*Lang v. Morant*,
  867 A.2d 182 (Del. 2005) ..................................................19

*Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified
  Mortgage Servs., L.P.*,
  785 F.3d 96 (3d Cir. 2015) ...........................................16, 34

*Lomando v. United States*,
  667 F.3d 363 (3d Cir. 2011) .........................................18, 20

*Marcum v. Harris*,
  328 F. App'x 792 (3d Cir. 2009) .......................................17

*McLane Co., Inc. v. EEOC*,
    137 S. Ct. 1159 (2017) .........................................................................16

*In re Motions Seeking Access to 2019 Statements*,
    585 B.R. 733 (D. Del. 2018) ...........................................................*passim*

*NLRB v. Frazier*,
    966 F.2d 812 (3d Cir. 1992) ...............................................................16

*Premcor Refining Grp. v. Nat'l Fire Ins. Co. of Hartford*,
    855 F. Supp. 2d 237 (D. Del. 2012) ...................................................23

*Prusky v. Prudential Ins. Co. of Am.*,
    44 F. App'x 545 (3d Cir. 2002) ..........................................................20

*RIMSAT, Ltd. v. Hillard*,
    207 B.R. 964 (D.D.C. 1997) ...............................................................33

*Taylor v. Peoples Natural Gas Co.*,
    49 F.3d 982 (3d Cir. 1995) .................................................................21

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) .............................................................................25

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
    980 F.3d 879 (3d Cir. 2020) ........................................................18, 19

*United States v. Davis*,
    183 F.3d 231 (3d Cir. 1999) ...............................................................27

*Wedgewood Vill. Pharm., Inc. v. United States*,
    421 F.3d 263 (3d Cir. 2005) ...............................................................16

*Wiwa v. Royal Dutch Petroleum Co.*,
    392 F.3d 812 (5th Cir. 2004) ..............................................................37

**Other Authorities**

Fed. R. Bankr. P. 2004 ....................................................................*passim*

Fed. R. Bankr. P. 2019 ....................................................................28, 29

Fed. R. Bankr. P. 9016 ............................................................................7

Fed. R. Civ. P. 45 ...............................................................................*passim*

Fed. R. Civ. P. 59 ...............................................................................12, 38

Restatement (Third) of Agency (2006)........................................21, 22, 24

## ISSUE STATEMENT

Exercising its discretion, the District Court quashed subpoenas directed to ten asbestos settlement trusts identified below[1] (the "Trusts").  The subpoenas required the Trusts to produce extraordinarily sensitive claims information relating to approximately 15,000 trust claimants.  The issue is whether the District Court properly exercised its discretion in quashing the subpoenas as overbroad and finding that the subpoenas failed to provide adequate protections for the confidential information consistent with those previously applied in the District of Delaware.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Pursuant to Third Circuit Local Appellate Rule 28.1(a)(2), this case is related to *In re Bestwall*, No. 17-BK-31795 (LTB), which is proceeding in the United States Bankruptcy Court for the Western District of North Carolina.  This case is not a Bankruptcy appeal.  The present case has not previously been before this Court.

---

[1] The ten trusts are:

- The Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust;
- The Celotex Asbestos Settlement Trust;
- The DII Industries, LLC Asbestos PI Trust;
- The Flintkote Asbestos Trust;
- The Pittsburgh Corning Corporation Personal Injury Settlement Trust;
- The WRG Asbestos PI Trust;
- The Federal-Mogul Asbestos Personal Injury Trust;
- The Babcock & Wilcox Company Asbestos PI Trust;
- The United States Gypsum Asbestos Personal Injury Settlement Trust; and
- The Owens Corning / Fibreboard Asbestos Personal Injury Trust.

## **STATEMENT OF THE CASE**

This appeal arises out of the District Court's decision to quash third-party subpoenas directed to the Trusts that sought the sensitive, confidential information of thousands of trust claimants for Appellant Bestwall LLC's private use.

The Trusts were established by one or more corporate debtors-in-possession to assume those debtors' present and future liability for asbestos-related personal injury claims. Their sole purpose is to pay victims of asbestos-related diseases caused by the debtors' products ("Trust Claimants"). For the Trusts to pay claims, Trusts Claimants must provide the Trusts with comprehensive, sensitive, personal information. The Trust Claimants' data is held by the Delaware Claims Processing Facility ("DCPF") on behalf of the Trusts.

Bestwall, a debtor and debtor-in-possession in a chapter 11 bankruptcy case pending in the Bankruptcy Court for the Western District of North Carolina, Case No. 17-BK-31795 (LTB) (the "Bankruptcy Court"), has moved to estimate its liability for certain current and future mesothelioma claims. In connection with the estimation, Bestwall subpoenaed from the Trusts extraordinarily sensitive claims information relating to approximately 15,000 Trust Claimants.

Following the issuance of the subpoenas, the Trusts, as fiduciaries of the Trust Claimants' data, moved to quash the subpoenas in the United States District Court

for the District of Delaware (the "District Court").[2]  The District of Delaware is the

district of compliance under Federal Rule of Civil Procedure 45(d)(3)(A), as well as

the Court that presided over the creation of a majority of the Trusts and bound them

as fiduciaries of the Trust Claimants' data.

Finding that the subpoenas sought "sweeping" Trust Claimant data and failed

to provide adequate protections for its confidentiality, the District Court entered an

order granting the motion to quash.  The District Court did so without prejudice to

Bestwall seeking a narrower production of Trust Claimant data that would include

greater protection of the Trust Claimants' confidential data – including protections

consistent with those previously applied in the District of Delaware.  Following its

unsuccessful attempts to circumvent the District Court's order, Bestwall filed this

appeal.

## I.    The Trusts' Strong Connections to the District of Delaware

Seven of the Trusts are Delaware statutory trusts.  JA389; JA409-440 (trust

certificates establishing Delaware trusts).  The primary day-to-day business of each

of the Trusts, processing and paying claims, is conducted in Delaware.  JA389.  The

Trust Agreements establishing each of the Trusts require the trustees to administer,

---

[2] Specifically, nine Trusts moved to quash the subpoenas issued to them and the subpoena to DCPF.  The tenth Trust, DII Industries, LLC Asbestos PI Trust, earlier objected to the subpoena issued to it and joined the motion to quash the DCPF subpoena.

maintain, and operate the Trusts pursuant to certain written Trust Distribution Procedures ("TDP"), provisions of which – both the Trust Agreement and the TDP – were approved by a United States District Court. *Id.* A majority of the Trust Agreements and TDPs were approved in the District of Delaware.[3] *Id.*

The confidentiality provisions of the Trusts' TDPs make clear that the Trusts are not information clearinghouses or "public libraries" for entities seeking confidential claimant information for their own commercial purposes. JA390. Nine of the Trusts' TDPs provide that the Trust shall "on its own initiative" take steps to preserve the confidentiality of the Trust Claimants' data.[4] JA43-45; JA389-90.

## II.    The Sensitive and Confidential Trust Claimant Data

For the Trusts to pay claims, Trust Claimants must provide comprehensive, sensitive, personal information, which may include detailed information about the claimant's family, financial situation, and health and medical information, including non-asbestos related medical diagnoses. JA390 (Trusts' opposition to motion to

---

[3] Each of the bankruptcy cases was conducted in the District of Delaware, other than those of Pittsburgh Corning Corporation and DII Industries, LLC, which were conducted in the Western District of Pennsylvania; Celotex Corporation, which was conducted in the Middle District of Florida; and Babcock & Wilcox Company, which was conducted in the Eastern District of Louisiana.

[4] The Celotex Asbestos Settlement Trusts' procedures are older in form and are called Claims Resolution Procedures. While they do not contain precisely the same language, they do state that "[a]ll materials, records and information submitted by claimants…are confidential, submitted solely for settlement purposes." JA390.

transfer); JA440 ¶6 (Decl. of Richard Winner). Each Trust's TDP provides that claimant submissions (i) are intended to be confidential, (ii) will be treated as made in the course of settlement discussions between the claimant and the Trust, and (iii) are to be protected by all applicable privileges, including those applicable to settlement discussions. JA43-45 (Federal-Mogul Asbestos Injury Trust Distribution Procedure); JA389.

This confidential, sensitive information is held in Delaware by DCPF, with which the Trusts have contracted to process the Trust Claimants' claims according to the criteria of each Trust's TDP. JA391. To protect the highly confidential Trust Claimant data, DCPF maintains rigorous data protection measures. JA391-92 (detailing DCPF's protection measures, including a proprietary, secure online portal, limiting employee access to Trust Claimant data, and segregating and encrypting social security numbers from underlying data); JA445-47. The Trusts cannot access each other's data through DCPF or otherwise, and DCPF never aggregates or commingles the data across Trusts. JA391-92; JA446-47.

## III.  Bestwall Subpoenas the Trust Claimant Data Pursuant to Bankruptcy Rule 2004

Bestwall previously moved the Bankruptcy Court to estimate its liability for certain current and future mesothelioma claims. It now seeks evidence to support its theory that the dollar amount of its estimated liability for the present and future

asbestos personal injury claims is lower than the dollar amount it paid on account of asbestos personal injury claims in settlements prior to its bankruptcy.

To obtain this evidence, Bestwall moved under Bankruptcy Rule 2004 (the "2004 Motion") for authority to subpoena DCPF for electronically stored data concerning all of the roughly 15,000 mesothelioma claimants who settled with Bestwall prior to its bankruptcy, and also filed a claim against one or more of the Trusts. JA98. The 2004 Motion was directed to DCPF and the Manville Personal Injury Settlement Trust. *Id.* In a footnote to the 2004 Motion, Bestwall also sought authority to serve subpoenas on the Trusts, if DCPF were to assert that doing so was necessary to secure production. JA101 ¶5 n.8. DCPF objected to the 2004 Motion and, in so doing, stated it was necessary for Bestwall to subpoena the Trusts, and that it was not authorized to act on behalf of the Trusts. JA136 ("[I]f the Court grants the Motion, the Debtor should subpoena the individual DCPF Trusts . . . ."); JA136 n.6 (DCPF's objections "should not be construed to limit or waive any objections the individual DCPF Trusts . . . might have to such subpoenas").

On March 24, 2021, the Bankruptcy Court entered an order granting the 2004 Motion, thereby allowing Bestwall to serve the subpoenas it had requested, subject to certain limited provisions governing confidentiality (the "March 24 Order"). JA50. The March 24 Order did not, however, limit the production of data to a random sample of no more than 10% of the 15,000 claims at issue or authorize pre-

production anonymization as DCPF had requested.  JA56-64.  By omitting these two key protections, the March 24 Order left the Trust Claimants' data exposed to both an unnecessary level of data breach risk and potential misuse.  JA31 ¶5; JA35-41 ¶¶19-37.  In early April 2021, Bestwall served the subpoenas on DCPF and on the Trusts, recognizing DCPF's position that the Trusts must be served, since their data was being subpoenaed.  JA31 ¶6.

## IV.    The District Court Quashes the Overbroad Subpoenas

Pursuant to the Trusts' obligations in the TDPs and Trust Agreements to ensure that Trust Claimants' data is securely protected, the Trusts moved to quash the subpoenas in the District Court, as required by Federal Rule of Civil Procedure 45(d)(3)(A).  JA29.  The Trusts sought to quash the subpoenas as overbroad or, alternatively, to modify them to (i) limit the production of Trust Claimants' data to a random sample of no more that 10% of the 15,000 mesothelioma victims at issue; and (ii) authorize DCPF, or a neutral third party, to anonymize the data before producing it.  JA34.

Bestwall opposed the motion to quash and moved to transfer the matter to the Bankruptcy Court pursuant to Federal Rule of Civil Procedure 45(f).  JA321 (opposition to motion to quash); JA262 (opening brief in support of motion to transfer).  In opposing the motion to quash, Bestwall acknowledged that Rule 45 provided the applicable standard of review and should be applied to the subpoenas.

JA320 ("A party may seek to compel compliance with Bankruptcy Rule 2004 discovery approved by a court by issuing a subpoena under Bankruptcy Rule 9016, which makes Civil Rule 45 applicable in bankruptcy proceedings.").  Bestwall's response included a conclusory, throwaway assertion that the Trusts – which were not parties in the bankruptcy proceedings – were nonetheless purportedly bound by the bankruptcy proceedings based on generalized "due process" principles by having had notice of the 2004 Motion.  JA321-22.  However, none of Bestwall's briefing before the District Court cited, analyzed, relied upon, *or even mentioned* any principle of agency law or issue preclusion.  JA321-22 (opposition to motion to quash); JA278-85 (argument in opening brief in support of motion to transfer).

On June 1, 2021, following full briefing on the Trusts' motion to quash and Bestwall's motion to transfer, the District Court denied the motion to transfer and granted the Trusts' motion to quash (the "June 1 Order").  JA02.  In denying the motion to transfer, the Court found that, given the Trusts' strong connection to the District of Delaware and because the Trust Claimants' data was located there, the Trusts had "strong interests" in resolving the motion to quash locally, and transfer would significantly burden those interests.  JA17-18.  Specifically, transferring the motion to quash would deprive the Trusts of the "opportunity to have th[e] [District] Court – the Court that approved and implemented a majority of the Trusts' fiduciary

obligations to the Trust Claimants – define the scope of their fiduciary obligations and protections of data held in this district pursuant to that obligation." JA18.

In granting the motion to quash, the District Court determined the subpoenas sought "sweeping personal data," and the March 24 Order failed to provide sufficient safeguards to protect that data. JA18-22. The District Court also found that the protections provided in the March 24 Order failed to comply with those provided in *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733 (D. Del. 2018) (the "*Access Decision*"), which limited the use and disclosure of other asbestos claimants' data held in the District of Delaware. JA20-21.

The District Court granted the motion to quash "without prejudice to Bestwall's right to seek reissuance of subpoenas seeking a narrower document production consistent with the protections afforded by the DE Bankruptcy Court's prior Access Decision." JA02. The District Court directed the parties to work together to set the appropriate parameters for the revised subpoenas. JA03.

## V.   Bestwall's Attempt to Circumvent the June 1 Order

Following the entry of the June 1 Order, the parties held a single meet and confer regarding reissuance of the subpoenas. JA1208 ¶2. During the meet and confer, the Trusts asserted that, consistent with the relief explicitly sought in the motion to quash, any revised subpoena must (i) limit the production of Trust Claimants' data to a random sample of no more that 10% of the 15,000 mesothelioma

victims at issue; (ii) authorize the DCPF, or a neutral third party, to anonymize the data before producing it; and (iii) include other protections consistent with the *Access Decision*. JA1208 ¶3. Bestwall disagreed, contending the June 1 Order did not require it to narrow its request via sampling, nor permit a neutral third party or DCPF to anonymize the data before producing it. JA1209 ¶4. Rather, Bestwall claimed, the June 1 Order only required Bestwall to implement some of the additional protections specifically granted in the *Access Decision*. *Id.*

Following this single meet and confer, and despite the District Court having directed the parties to work together to revise the subpoenas, Bestwall unilaterally revised the subpoenas and then filed an emergency motion in the Bankruptcy Court seeking issuance of the revised subpoenas. JA1209 ¶8. This was despite the revised subpoenas' failure to narrow the sweeping scope of Trust Claimant data sought as required by the June 1 Order. JA1219 (Bestwall's proposed revised subpoena). A hearing on Bestwall's emergency motion was tentatively set in the Bankruptcy Court for June 23, 2021. JA1210 ¶9.

## VI.    The District Court Clarifies the June 1 Order

On June 16, 2021, in light of Bestwall's "emergency" attempt to circumvent the June 1 Order, the Trusts moved the District Court for clarification. JA1207. While the language of the June 1 Order was clear, in their request for clarification, the Trusts laid out the parties' differing understandings of the June 1 Order as set

forth during the meet and confer, and provided the District Court with Bestwall's proposed revised subpoena.  JA1208-10 ¶¶3-9 (request for clarification); JA1219 (Bestwall's proposed revised subpoena).  The clarification request did not ask the Court to reconsider or expand the relief already granted in the June 1 Order; it only asked the District Court to provide guidance on the implementation of its June 1 Order in light of the parties' competing interpretations.  JA1210-11 ¶10 (stating that, while the "Trusts believe the language of the Order is clear," clarification "is needed because of the parties' competing interpretations of the Order's practical implications . . . .").  The Trusts also sought expedited consideration in light of the June 23 hearing scheduled in the Bankruptcy Court, and to "avoid further unnecessary litigation" through a second motion to quash.  JA1209-10 ¶¶8-9; JA1214 ¶17.

That same day, Bestwall filed a letter response with the District Court. JA1243-44.  In its response, Bestwall laid out the revisions it made to the proposed subpoenas, asserted the revisions "narrowed" the production of data, and claimed "the subpoenas would include all the protections contained in the Access Order, and more."  JA1243.  Bestwall attempted to justify its filing of the emergency motion, and asserted the request need not be expedited because "there [was] no pending production deadline," and the "Trusts [would] have time to review any reissued subpoenas and move th[e] [District] Court for any relief they believe is appropriate."

JA1243-44.  Bestwall also requested an extension of time to file an additional response to the request.  JA1244.

On June 17, 2021, the Court granted the Trusts' motion to clarify (the "June 17 Order").  JA03.  In doing so, the Court stated the "language of its [June 1] Order [was] clear," but nevertheless clarified that:

> [a]ny revised subpoena by Bestwall, LLC must: (i) limit the production of Trust Claimants' data to a random sample of no more than 10% of the 15,000 mesothelioma victims at issue; (ii) authorize the Delaware Claims Processing Facility, or a neutral third party, to anonymize the Trust Claimants' data before producing it, and (iii) include additional protections consistent with the *Access Decision*.

JA03.  The June 17 Order was consistent with the relief the District Court already had ordered in the June 1 Order.

## VII.    Bestwall's Attempt to Circumvent the District Court's Orders

Having unsuccessfully attempted to evade the June 1 Order, Bestwall next asked the District Court to reconsider its June 1 and June 17 decisions under the guise of asking the Court to amend its prior orders pursuant to Federal Rule of Civil Procedure 59(e).  JA1245.  Bestwall's motion, however, failed to mention, much less discuss, the applicable standard under Rule 59(e).  JA1250-51 ¶1.  While the motion was pending, Bestwall noticed the instant appeal, which was stayed pending disposition of the motion to amend.  JA01; 3d Cir. D.I. 4.

On July 16, 2021, the District Court denied the motion, finding that Bestwall's motion "nowhere identifie[d] let alone discusse[d] . . . the legal standards that govern

a court's consideration of motions filed pursuant to Rule 59(e)."   JA1468.

Nonetheless, after reviewing those legal standards, the District Court determined it

"ha[d] no reason to believe that the June 1 and June 17 orders should be altered

because of any intervening change in controlling law, new evidence, or need to

correct a clear error of law or fact or prevent manifest injustice."  JA1469.

## SUMMARY OF THE ARGUMENT

The District Court properly exercised its discretion in quashing overbroad subpoenas that sought the confidential, sensitive data of approximately 15,000 Trust Claimants without including sufficient safeguards for the protection of such data. Bestwall's claimed errors are waived and meritless.

First, Bestwall waived its arguments that the Trusts were bound by the Bankruptcy Court decision based on the doctrines of agency law and issue preclusion by failing to raise these arguments before the District Court.

Even assuming *arguendo*, that Bestwall did not waive these claims, Bestwall's agency and issue preclusion arguments lack merit and should be denied. As to agency, Bestwall cannot meet its burden to prove agency under any of its purported theories. DCPF did not appear in the Bankruptcy Court with the express authority to bind the Trusts and explicitly stated so to Bestwall. Further, issue preclusion is inapplicable because the Trusts were not parties to the Bankruptcy Proceeding.

Second, the District Court did not abuse its discretion in analyzing and applying the *Access Decision*. Consistent with its core duty, the District Court researched and applied relevant precedent in the District of Delaware in deciding the motion to quash. The *Access Decision* is directly relevant to whether the use-

14

restrictions contained in the Bankruptcy Court subpoenas sufficiently protected the Trust Claimants' data.

Third, Bestwall's wish to carve out an exception to Rule 45 and have an "abuse of discretion" standard apply to the review of subpoenas issued under Bankruptcy Rule 2004 is just that – a wish unsupported by the law. Accepting this policy argument would serve to gut the fundamental purpose of Rule 45 – ensuring nonparties receive a meaningful, local resolution of a disputed subpoena. Notwithstanding, as Bestwall agreed below, the Rule 45 standard applied to the motion to quash. The District Court did not abuse its discretion in correctly applying that standard and quashing the overbroad subpoenas.

## **STANDARD OF REVIEW**

A district court's decision to quash or modify a subpoena must be affirmed unless the district court abused its discretion. *E.g.*, *Wedgewood Vill. Pharm., Inc. v. United States*, 421 F.3d 263, 268 n.5 (3d Cir. 2005); *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992). The abuse of discretion standard is a deferential form of review that is difficult to satisfy. *McLane Co., Inc. v. EEOC*, 137 S. Ct. 1159, 1167 (2017); *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 101 n.2 (3d Cir. 2015) ("That decision would be reviewed for abuse of discretion, a difficult standard for [appellant] to satisfy"); *see also Gage v. New Jersey*, 408 F. App'x 622, 623 (3d Cir. 2010) (stating abuse of discretion review is "highly deferential"). Under this standard, the District Court's decision will not be disturbed unless it "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Wedgewood*, 421 F.3d at 268 n.5 (quoting *Frazier*, 966 F.2d at 815) (internal quotations omitted). This deferential standard applies to all issues Bestwall has raised on appeal.

## ARGUMENT

I. **Bestwall Waived its Meritless "Agency" and "Issue Preclusion" Arguments by Failing to Present them to the District Court**

Bestwall asserts the District Court erred by not finding the Trusts bound by DCPF's appearance in the Bankruptcy Court based on principles of "agency law" and "issue preclusion." Br. 23, 28. Bestwall, however, failed to raise these arguments before the District Court, and they are therefore waived.

Even had Bestwall raised these arguments, it would not have prevailed, for they are meritless. The Trusts did not engage in any conduct that created an agency relationship or that would lead Bestwall to reasonably believe that DCPF had apparent authority to represent the Trusts. In fact, as Bestwall acknowledges, DCPF explicitly stated it did *not* appear on behalf of the Trusts. Further, the Trusts never ratified DCPF's appearance or actions before the Bankruptcy Court. Issue preclusion also does not apply as the Trusts were never parties to the bankruptcy proceeding.

A. **Bestwall Waived its Agency and Issue Preclusion Arguments by Failing to Raise Them Before the District Court**

An argument raised for the first time on appeal is deemed waived. *E.g.*, *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument"); *Archer v. York City Sch. Dist.*, 710 F. App'x 94, 101 (3d Cir. 2017) (argument not presented to district court waived); *Marcum v. Harris*, 328 F. App'x 792, 796 (3d Cir. 2009)

(same).  The purpose of the waiver doctrine is twofold: (1) it ensures that "necessary evidentiary development occurs in the trial court"; and (2) it prevents "surprise to the parties when a case is decided on some basis on which they have not presented argument."  *E.g.*, *Lomando v. United States*, 667 F.3d 363, 381 n.19 (3d Cir. 2011). It follows then that an argument raised in a cursory, conclusory, or perfunctory manner also is deemed waived.  *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 890 n.11 (3d Cir. 2020) (argument deemed waived where it was presented to the district court in a cursory fashion).

Here, Bestwall raises its "agency law" and "issue preclusion" arguments for the first time before this Court.  In fact, Bestwall's briefing before the District Court is devoid of any mention of the words "agency" or "issue preclusion."  *See generally* JA321-22 (opposition to motion to quash, asserting Trusts are bound by Bankruptcy Court decision based on "due process" but never mentioning "agency" or "issue preclusion" nor citing any authority relating to such claims); JA262 (motion to transfer, referring to "due process" in passing).  Before the District Court, Bestwall *never* cited any of the authority or cases it now relies upon in alleged support of its agency and issue preclusion arguments.  *See generally* JA321-22 (opposition to motion to quash); JA278-85 (motion to transfer).  Instead, Bestwall made conclusory, throwaway assertions that the Trusts allegedly deferred to DCPF as their "agent" and baldly stated that the motion to quash was a collateral attack.  JA322

("After being served with the Trust Motion, foregoing their opportunity to separately 'make their case' on the Trust Motion, and deferring to their agent DCPF to raise these same and other objections, the DCPF Trusts are bound by the Trust Order.").

This is not enough to avoid a finding of waiver. It is "well-settled" in this Court that "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993); *see also Thorne*, 980 F.3d at 890 n.11 (waiving argument "to the District Court [that] was cursory"); *Gladysiewski v. Allegheny Energy Serv. Corp.*, 282 F. App'x 979, 981 (3d Cir. 2008) ("woefully lacking" two-page argument with "cursory examination of case law" deemed waived). Bestwall's attempt to now expand its, at best, cursory and unsupported argument into the focal point of its appeal must be rejected. *Compare* JA321-22 (opposition to motion to quash) *and* JA278-85 (motion to transfer) *with* Br. 22-35.

Further, both purposes of the waiver doctrine are implicated here. First, waiver is particularly appropriate given that Bestwall's agency assertion – which also underlies its issue preclusion argument – is a question of fact on which no factual record was developed before the District Court. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011) (waiver rule applies with "greatest force" where "timely raising of the issue would have permitted the parties to develop a factual record"); *Lang v. Morant*, 867 A.2d 182, 186 n.16 (Del. 2005) (collecting

cases and stating "whether an agency or other type of relationship exists is an intensely factual one." (quoting *Knerr v. Gilpin, Van Trump & Montgomery, Inc.*, 1988 WL 40009, at *2 (Del. Super. Apr. 8, 1988))).  Second, deciding the appeal based on "agency" or "issue preclusion," would result in surprise because neither Bestwall nor the Trusts "presented argument on that point" to the District Court.[5] *Lomando*, 667 F.3d at 381 n.19.

### B.    Even if Considered, Bestwall's Agency and Issue Preclusion Arguments are Meritless

As to agency, Bestwall has failed to meet its burden to prove: (i) DCPF was an agent of the Trusts when it appeared in the Bankruptcy Proceeding;  (ii) the Trusts engaged in conduct imbuing DCPF with apparent authority; and (iii) the Trusts ratified DCPF's decision to appear in the Bankruptcy Court.  Issue preclusion is also inapplicable because the Trusts were not parties to the Bankruptcy Proceeding.

---

[5] Bestwall will presumably contend it preserved its "agency" and "issue preclusion" arguments.  Even assuming *arguendo*, Bestwall somehow raised them (which it did not), it certainly did not present to the District Court the theories it now advances in alleged support of those arguments to this Court. *Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990) (new theory of case waived on appeal where the record did not present any "exposition of the theory currently being advanced"); *Prusky v. Prudential Ins. Co. of Am.*, 44 F. App'x 545, 548 (3d Cir. 2002) (appellant waived new theory presented on appeal where theory was never presented to the district court).  Thus, any alleged new theories presented on appeal are waived.

### 1.    DCPF did not Appear in the Bankruptcy Court as an Agent of the Trusts

Agency arises "when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."  Restatement (Third) of Agency § 1.01 (2006).  An agency relationship is predicated on "expressive conduct by the principal toward the agent by which the principal manifests assent to action by the agent with legal consequences for the principal."  *Id.* § 3.01.  The proponent of an agency relationship bears the burden of showing that such relationship exists.  *E.g.*, *Baccellieri v. HDM Furniture Indus., Inc.¸* 2013 WL 1088338, at *3 (Del. Super. Feb. 28, 2013).[6]

---

[6] Bestwall relies on inapposite authority in asserting that federal common law principles of agency apply.  In *Burlington Industries, Inc. v. Ellerth*, the Supreme Court noted the "general common law" of agency applied to questions of whether a subordinate is considered an agent of his or her employer for hostile work environment claims under Title VII of the Civil Rights Act of 1964.  524 U.S. 742, 755 (1998).  Similarly, in *Taylor v. Peoples Natural Gas Co.*, this Court noted that, in addressing agency issues involving ERISA-governed retirement plans, federal courts are to develop and apply "a federal common law" of agency.  49 F.3d 982, 988 (3d Cir. 1995) (collecting cases stating that a federal common law of agency will be developed to apply to ERISA-regulated plans).

This authority does not support any assertion that federal common law principles of agency apply to the instant matter.  Rather, it discusses the development and implementation of a federal body of agency law to provide for the uniform application of certain federal statutes.  Moreover, Bestwall's assertion of agency is primarily premised on each Trust's individual processing agreement with DCPF, which would not be a question of federal law.  This lack of clarity regarding what law applies to Bestwall's agency argument underscores the fact that this argument was neither presented nor developed before the District Court.

Here, DCPF was not acting as an agent of the Trusts when it appeared before the Bankruptcy Court. There is *no evidence* of a manifestation or expressive conduct by the Trusts demonstrating an intent to be bound by DCPF's appearance in the Bankruptcy Court. And there is *no evidence* that DCPF manifested assent or otherwise consented so to act. In fact, DCPF explicitly stated its actions did *not* bind the Trusts. JA136 n.6 (DCPF's objections "should not be construed to limit or waive any objections the individual DCPF Trusts . . . might have to such subpoenas"). There simply was no agreement between the Trusts and DCPF that DCPF would act on behalf of the Trusts in the Bankruptcy Court. Thus, there was no express agency relationship. Restatement (Third) of Agency § 1.01 (2006) (requiring both principal and agent agree to act on behalf of the principal); *id.* § 3.01 (requiring expressive conduct from principal to agent whereby "principal manifests assent to action by the agent with legal consequences for the principal.").

-------

Notwithstanding, because Delaware law also generally applies the Restatement of Agency, the Trusts agree that, for purposes of this appeal, it is the general guiding principle. However, this Court should consider the Restatement principles as informed and applied by Delaware law given that Bestwall's agency argument involves the relationships of primarily Delaware entities. This application is consistent with Bestwall's opening brief, and the authority cited by Bestwall. *See Burlington Indus., Inc.*, 524 U.S. at 755 (noting state employment discrimination law decisions are instructive in applying general principles of agency law to Title VII issues); *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 120 (3d Cir. 2013) (applying Restatement of Agency as informed by New Jersey substantive law to Title VII claims).

Bestwall's flawed agency argument rests primarily on the Trusts' agreements with DCPF to process Trust Claimant data. Bestwall asserts that, because the processing agreements obligated DCPF to preserve the confidentiality of the Trusts' data, it also somehow authorized DCPF to bind the Trusts on decisions regarding production of that data. But there is absolutely *no evidence* in support of Bestwall's claim in this regard.[7] Bestwall has therefore failed to establish an agency relationship.

Bestwall also has not, and cannot, establish apparent authority. Bestwall's apparent authority argument rests entirely on DCPF's actions before the Bankruptcy Court. Br. 26-27. However, apparent authority "can never be derived from the acts of the agent alone." *Jurimex Kommerz Transit G.m.b.H v. Case Corp.*, 2006 WL 1995128, at *4 (D. Del. July 17, 2006) (quoting *Finnegan Const. Co. v. Robino–Ladd Co.*, 354 A.2d 142, 144 (Del. Super. 1976)). For this sole reason, this argument fails. *See, e.g.*, *Premcor Refining Grp. v. Nat'l Fire Ins. Co. of Hartford*, 855 F. Supp. 2d 237, 241 (D. Del. 2012) (no apparent authority where alleged principal made no statements to third party, and stating "[a]n agent cannot create his own apparent authority; it can only be premised on a representation by the principal.").

---

[7] The Trusts' agreements with DCPF are not in the record. Again, this underscores the fact that Bestwall's agency argument was neither presented nor developed before the District Court.

In any event, Bestwall cannot credibly claim it reasonably relied on any alleged assertion of apparent authority based on DCPF's actions. DCPF *explicitly told* Bestwall that the Objection DCPF filed in the Bankruptcy Court "should not be construed to limit or waive any objections the individual DCPF Trusts (or the individual claimants) might have to such subpoenas." JA136 n.6. Moreover, DCPF *explicitly told* Bestwall that if it wanted the Trusts' data, it "should subpoena the individual DCPF Trusts . . . ." *Id.* And Bestwall followed that direction. JX52 n.4 (bankruptcy court order authorizing subpoenas, stating "[t]he Debtor may also subpoena the DCPF Trusts if necessary to effectuate this order); JA47-96 (subpoenas directed toward trusts).

Lastly, Bestwall has not, and cannot, prove ratification. Under the Restatement, ratification only occurs "if the actor acted or purported to act as an agent on the person's behalf." Restatement (Third) of Agency § 4.03; *id.* § 4.03 cmt. b (ratification cannot occur where "an actor is not an agent and does not purport to be one"). As discussed, DCPF was not acting as an agent of the Trusts before the Bankruptcy Court, and expressly disclaimed to be so acting. JA136 n.6. Bestwall's attempt to concoct a purported ratification based on the Trusts' briefing before the District Court is wholly inapplicable to this inquiry. Because DCPF was not purporting to act on the Trusts' behalf, there can be no ratification.

## 2.    Issue Preclusion is Inapplicable Because the Trusts were not Parties to the Bankruptcy Proceeding

As a general rule, a litigant "is not bound by a judgment to which [it] was not a party." *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008). "Extending the preclusive effect of a judgment to a nonparty runs up against the deep-rooted historic tradition that everyone should have his own day in court." *Id.* at 881. For issue preclusion to apply to a nonparty, the nonparty must have been in privity with the party to the prior litigation. *Doe v. Hesketh,* 828 F.3d 159, 172 (3d Cir. 2016); *Huber v. Taylor*, 532 F.3d 237, 251 (3d Cir. 2008).

The Supreme Court has identified six instances in which a nonparty may be found to be in privity with a party to a prior proceeding:

(1) the nonparty agrees to be bound by the determination of issues in an action between others;

(2) a substantive legal relationship—i.e.[,] traditional privity—exists that binds the nonparty;

(3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party";

(4) the nonparty assumes control over the litigation in which the judgment is rendered;

(5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; [or],

(6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

*Doe v. Hesketh,* 828 F.3d at 172 (alterations in original).

In this instance, it is undisputed that the Trusts were not parties to the Bankruptcy Proceeding. The Trusts therefore cannot be bound by issue preclusion unless an exception applies – and none does: (1) Bestwall has not, and cannot, present evidence that the Trusts agreed to be bound by the Bankruptcy Court's order, because there was no such agreement; (2) as discussed above, there was no traditional privity relationship between the Trusts and DCPF; (3) DCPF explicitly told Bestwall it was not representing the Trusts in the Bankruptcy Proceeding, JA136 n.6; (4) Bestwall has failed to present any evidence that the Trusts controlled the litigation relating to the 2004 Motion; (5) the Trusts did not move to quash the subpoenas as the designated representatives of DCPF; and (6) there is no special statutory scheme applicable to the motion to quash. Given the foregoing, issue preclusion does not apply to the nonparty Trusts. *See Doe*, 828 at 173-73 (issue preclusion not applicable where none of the privity exceptions applied); *Huber*, 532 F.3d at 251 (declining to find privity where argument was unsupported by the record); *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1123 (D. Del. 1989) ("As a nonparty, Iolab will thus be free to litigate anew, in another forum, any claims or issues decided unfavorably to it in this action . . . .").

**II.    The District Court did not Abuse its Discretion by Relying on the Analogous *Access Decision* to Impose Additional Restrictions on the Use of the Trust Claimant data**

Bestwall next asserts the District Court erred by researching the law pertinent to the motion to quash and relying on that law.  Br. 36.  Specifically, Bestwall argues the District Court erred by relying on the *Access Decision*, which the parties did not cite.  Bestwall's argument is without merit.  The District Court's application of the *Access Decision* was in line with its core duty of researching and applying the applicable law.  Moreover, the *Access Decision* was directly relevant to the motion to quash, and the District Court properly applied it.

Bestwall contends the District Court erred because it fulfilled its core and fundamental duty – researching and applying relevant precedent.  As this Court has made clear, "[t]he judge has an immanent obligation to research the law…." *United States v. Davis*, 183 F.3d 231, 252 (3d Cir. 1999); *see also Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (parties' "failure [to cite a controlling case] did not relieve the district court of the duty to apply the correct legal standard").  In accordance with this duty, this Court along with the District Courts in this Circuit routinely analyze and rely on authority beyond that presented in the parties' briefing. *E.g.*, *Holman v. City of York*, 564 F.3d 225, 231 (3d Cir. 2009) (stating the Court could not "conduct an informed inquiry into this issue" without discussing authority "not cited by the parties"); *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005)

(analyzing authority not cited by the parties); *Araoz v. United States*, 337 F. App'x 207, 210 (3d Cir. 2009) (affirming decision where magistrate judge relied on cases "not cited by the parties"). The District Court did not abuse its discretion by fulfilling its fundamental duty of researching and applying relevant precedent.

Moreover, the *Access Decision* was directly applicable to the motion to quash. Bestwall contends the District Court "mix[ed] apples and oranges" because the movants in the *Access Decision* sought tort claimant data under Bankruptcy Rule 2019, while Bestwall sought the Trust Claimant data here under Bankruptcy Rule 2004. Br. 37. Bestwall's argument misconstrues the District Court's application of the *Access Decision* by focusing on the procedural bankruptcy rule under which the data was sought rather than on the analogous nature of the substantive data sought.

In the *Access Decision*, Honeywell and Ford Motor Co. moved the Bankruptcy Court for the District of Delaware to discover Bankruptcy Rule 2019 exhibits. 585 B.R. at 738. Like Bestwall, Honeywell and Ford sought the Rule 2019 exhibits to "investigat[e] potential fraud in the claims process." *Id.* The Rule 2019 exhibits Honeywell and Ford sought contained:

> (1) the names and addresses of the clients of the submitting attorney; (2) exemplars or actual copies of the relevant retention agreements; (3) identification of disease; (4) claim amounts, if liquidated; (5) sometimes full or partial social security numbers; (6) sometimes medical records, with information including full or partial social security numbers; family histories (including causes of death of family members), results of physical examinations, chest x-rays, and lung function tests, and other similarly sensitive medical information; and

(7) sometimes other records that the law firm maintained in connection with or commingled with the required information.

*Id.* at 751.  The bankruptcy court determined the Rule 2019 exhibits contained "personally-identifying information the disclosure of which poses a risk of identity theft or other injury."  *Id.* at 758.  In accordance with this finding, the bankruptcy court imposed certain restrictions on the data, which the district court and this Court later affirmed.  *Id.* (affirming bankruptcy court restrictions), *aff'd*, *In re A C & S Inc.*, 775 F. App'x 78 (3d Cir. 2019).  Those restrictions focused on limiting Honeywell and Ford's use and ability to share the data.  585 B.R. at 758.  Specifically, the bankruptcy court limited: (1) Honeywell and Ford's ability to aggregate and share information contained in the Rule 2019 exhibits; (2) the time period Honeywell and Ford could access the data (and required destruction after that period); and (3) required the Bankruptcy Court to appoint a monitor to oversee the production of the 2019 exhibits.  *Id.*

Given the analogous nature of the substantive data at issue, the District Court did not abuse its discretion in analyzing and applying the *Access Decision* in its effort to protect the Trust Claimant data sought here.  Bestwall, like Honeywell and Ford, sought the Trust Claimant data to investigate alleged fraud in the claims system.  JA19.  Both the Trust Claimant data here and the Rule 2019 exhibits contained confidential, personal, sensitive data – with Bestwall seeking significantly more personal data from the Trust Claimants than that contained in the Rule 2019 exhibits.

*Compare Access Decision*, 585 B.R. at 751 *with* JA18-19 (stating subpoenas compel production of: (A) "claimant identifying information," which includes (i) the full name of the injured party, (ii) the injured party's Social Security number, gender, date of birth, date of death, state of residency, date of diagnosis, and body site (if available), (iii) the full name of any claimant who is not the injured party and his or her Social Security number, and (iv) claimant's law firm, jurisdiction of tort claim filing, and date of tort claim filing; (B) the date of the claim filing; (C) date of claim approval (if approved); (D) date of claim plaid (if paid); (E) If not approved or paid, status of claim; (F) all "exposure-related fields," including (i) date(s) exposure(s) began, (ii) date(s) exposure(s) ended, (iii) manner of exposure; (iv) occupation and industry when exposed; and (v) products to which exposed; (G) mode of review selected; (H) mode of review under which the claim was approved and paid).

Recognizing the similarity between the confidential nature of the substantive data sought in the *Access Decision* and the "sweeping personal data" sought by Bestwall, the District Court compared the use-protections applied in the *Access Decision* to those in Bestwall's subpoenas, and found the subpoenas fell short. Rather than create its own set of use-protections, the District Court properly exercised its discretion by adopting the framework of protections against misuse of confidential, personal data developed by the District of Delaware in the *Access Decision*. JA18-19. The *Access Decision* was thus directly relevant to the District

Court's analysis of the subpoenas, and the District Court's reliance upon it was proper.

Bestwall also claims the District Court purportedly abused its discretion in relying on the *Access Decision* because it believed the Trust Claimant data was held by the District Court. Br. 38. This argument, misconstruing a single sentence, is belied by the District Court's opinion which clearly states the subpoenas sought data from the Trusts. JA11-12 ("The subpoenas compel the production of electronically stored confidential information submitted to the Trusts by more than 15,000 of the Trust Claimants"); JA18 ("Bestwall seeks sweeping personal data for Bestwall Claimants who filed claims with a DCPF Trust.").

Bestwall further alleges the *Access Decision* was inapplicable because it did not discuss sampling or pre-production anonymization. Br. 39. However, the parties' briefing focused extensively on whether the subpoenas were overbroad for failure to include sampling and pre-production anonymization as two methods of protecting the Trusts Claimants' highly sensitive data. JA34-40 (motion to quash); JA23-35 (response to motion to quash); JA455-60 (reply in support of motion to quash). The District Court did not abuse its discretion in imposing these two additional protections while, at the same time, adopting the use-protections consistent with the *Access Decision*. Indeed, the additional protections were necessary here given that the scope and sensitivity of the Trust Claimant data

Bestwall sought dwarfed that of the data sought in the *Access Decision*. *Compare Access Decision*, 585 B.R. at 751 *with* JA18-19. Accordingly, given the Court's fulfilment of its duty to research and apply the law of the District and the analogous nature of the *Access Decision*, the District Court did not abuse its discretion in relying on the *Access Decision* in its analysis.

## III. The District Court did not Abuse its Discretion in Applying the Rule 45(d)(3)(A) Standard and Quashing the Overbroad Subpoenas

Bestwall next asserts the District Court erred by purportedly disregarding the Bankruptcy Court's decision in ruling on the motion to quash. Br. 40. In so contending, Bestwall makes a policy argument, claiming, without support, that the District Court should have treated the motion to quash as if it were an appeal of the Bankruptcy Court decision – only reviewing the subpoenas for whether the Bankruptcy Court "abused its discretion." This argument, however, is belied by Rule 45's plain language, and, if adopted, would undermine the core principles of Rule 45. Further, the District Court did not abuse its discretion in properly applying the Rule 45(d)(3)(A) standard, which Bestwall acknowledged applied.

### A. Bestwall's Wish to Have an Abuse of Discretion Standard Apply is Not Supported by the Law

Seeking to rewrite Rule 45, Bestwall asserts that Bankruptcy Rule 2004 subpoenas should only be reviewed under an abuse of discretion standard. Bestwall wishes to carve out an exception and provide special treatment to subpoenas issued

under Bankruptcy Rule 2004, thereby insulating them from meaningful review by compliance courts.[8]  Bestwall, however, cites *no authority* in support of its sweeping policy argument.[9]  Nor could it.  The language of Rule 45 does not distinguish between subpoenas – it applies equally, regardless of how the subpoena was issued. Fed. R. Civ. P. 45(d).

Accepting Bestwall's argument would effectively insulate subpoenas issued under Bankruptcy Rule 2004 from meaningful review by compliance courts and undermine the core principles of Rule 45.  As the 2013 Advisory Notes to Rule 45 make clear, Rule 45 serves as a mechanism "to protect local nonparties."  Fed. R. Civ. P. 45, Advisory Committee Note (2013 amendments).  Rule 45 assures meaningful, "local resolution" of disputes regarding subpoenas by requiring motions to quash to be filed "in the court in which compliance is required under Rule 45(c)." *Id.*  Only where "exceptional circumstances" exist and "outweigh the interests in obtaining a local resolution of the motion," does a compliance court have the

---

[8] Once again, Bestwall never raised below that the District Court should review the Bankruptcy Court's ruling under an abuse of discretion standard.

[9] Although Bestwall cites *RIMSAT, Ltd. v. Hillard*, 207 B.R. 964 (D.D.C. 1997), in alleged support of its policy argument, the case does not stand for the proposition that an abuse of discretion standard should apply to a compliance court's review of a Rule 2004 subpoena.  In fact, the RIMSAT case expressly finds that it was within the compliance court's discretion to defer to the issuing court's findings, e.g. the compliance court could, but did not have to, defer to the issuing court's findings. 207 B.R. at 969 ("[I]t was within [the D.C. Bankruptcy Court's] discretion to give credence to the Indiana Bankruptcy Court's determination.")

discretion to deny the moving party of that right. *Id.*; Fed. R. Civ. P. 45(f). Otherwise, nonparties are assured that a local Court will conduct a meaningful review of the subpoenas. Fed. R. Civ. P. 45, Advisory Committee Note (2013 amendments). Indeed, under Rule 45(d)(3)(A), compliance courts are required to engage in a meaningful review of the challenged subpoena, and quash any subpoena that fails to apply the Rule's protections. Fed. R. Civ. P. 45(d)(3)(A).

Bestwall's contention that a compliance court must defer to an issuing court and review Bankruptcy Rule 2004 subpoenas for an abuse of discretion, would serve to eviscerate this core principle of Rule 45. If the abuse of discretion standard applied, compliance courts would be reduced to essentially rubber stamping subpoenas issued under Bankruptcy Rule 2004. *Lehman Bros. Holdings, Inc.*, 785 F.3d at 101 n.2 (abuse of discretion is "a difficult standard for [appellant] to satisfy"); *Gage*, 408 F. App'x at 623 (stating abuse of discretion review is "highly deferential"). No longer would nonparties receive the meaningful, local resolution to which they are entitled. Fed. R. Civ. P. 45, Advisory Committee Note (2013 Amendments).

In contrast, nonparties targeted by a Bankruptcy Rule 2004 motion would be forced to appear in a matter in which they are not a party, in a foreign forum with which they have no contacts, to have a court with no underlying interest in the nonparty decide the scope of discovery. This is precisely the scenario that Rule 45

was designed to prevent. Fed. R. Civ. P. 45(d)(3)(A). Bestwall's wish, disguised as a policy argument, that subpoenas issued under Bankruptcy Rule 2004 should only be reviewed for abuse of discretion, must therefore be rejected.

### B.     The District Court Properly Applied Rule 45, which, as Bestwall Acknowledges, Governs Here

It was undisputed that Rule 45(d)(3)(A)(iii) governed the motion to quash. JA35-36 (motion to quash reciting the Rule 45(d)(3)(A)(iii) standard); JA320-21 (Bestwall's opposition noting Rule 45 is applicable); JA452 (reply reciting Rule 45(d)(3)(A) standard); JA15 (opinion noting the motion to quash was filed pursuant to Rule 45(d)(3)(A)(iii)). Under Rule 45(d)(3)(A)(iii), the District Court was required to quash or modify the subpoenas if it determined that the subpoenas "require[d] disclosure of privileged or other protected matter . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii) (stating the district of compliance "must quash or modify" subpoenas that run afoul of Rule 45(d)(3)(A)). In quashing the subpoenas, the District Court's findings were twofold: (1) Bestwall had a "legitimate purpose" for seeking the Trust Claimant data; but (2) the subpoenas nevertheless needed to be quashed because they failed to comply with the scope and procedural protections set forth in Rule 45(d)(3)(A)(iii). JA17-21.

In its analysis, reciting the categories of personal, confidential data that Bestwall sought about approximately 15,000 Trust Claimants, the District Court first found that Bestwall sought "sweeping personal data" from the Trusts. JA18. The

District Court then discussed and analyzed the *Access Decision*.    JA18-19.

Following its discussion of the *Access Decision*, the District Court noted that

Bestwall had a "legitimate purpose" in seeking the Trust Claimant data.    *Id.*    The

District Court then noted the procedural protections set forth in the subpoenas.    *Id.*

Crediting the protections the Bankruptcy Court had already put in place, the District

Court determined those protections would "go a long way" in protecting the Trust

Claimant data.  JA21.  Nevertheless, in light of the "sweeping personal data" sought,

and finding that the use-protections contained in the subpoenas did not comport with

the *Access Decision*, the Court determined that Bestwall must seek a "narrower"

production of data along with including additional use-protections "consistent with

those afforded by the . . . *Access Decision*."  JA21-22.  The District Court's opinion

was fully in line with the parties' briefing and the applicable authority, and therefore

not an abuse of discretion.

Bestwall nevertheless contends the District Court's Rule 45(d)(3)(A)(iii)

analysis was erroneous because it found that Bestwall had a "legitimate" purpose in

seeking the data and did not seek "unlimited access to Trust Claimant data for any

purpose."   Br. 45.   This argument improperly extrapolates the District Court's

findings.   The District Court's finding that Bestwall had a legitimate purpose in

seeking the Trust Claimant data is not synonymous with a finding that Bestwall was

entitled to the sensitive, confidential, personal information of approximately 15,000

Trust Claimants or that the protections provided in the subpoenas were sufficient to protect the Trust Claimants' data from misuse or disclosure. Indeed, the District Court's acknowledgement that Bestwall had a legitimate purpose for seeking the Trust Claimant data was properly reflected in the fact that the District Court granted the motion without prejudice to Bestwall seeking to have narrower subpoenas reissued, subpoenas that contained the additional use-protections ordered by the District Court. JA02 (June 1 Order); JA22 (June 1 memorandum opinion).

Bestwall's reliance on *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004) is misplaced. *Wiwa* is procedurally inapposite as it involved the application of a multifactorial balancing test adopted in the Fifth Circuit to determine whether a subpoena was "unduly burdensome" under Rule 45(d)(3)(A)(iv). *Id.* at 818. This was not the issue before the District Court here. JA31 ¶5 ("The most pressing issue presented by this Motion is *not* the undue burden of the requested production (although the Trusts do not waive that objection), but the undue risk of damages the requested scale and manner of the production imposes on the Trust Claimants, relating to a possible data breach with regard to their social security numbers and other personal confidential information." (emphasis added)). In any event, the Fifth Circuit in *Wiwa* found the district court there erred because it provided "no oral or written reasons" for quashing the subpoena at issue. 392 F.3d at 819. This is a far cry from the District Court's analysis here, which weighed

Bestwall's "legitimate purpose" in seeking the Trust Claimant data against the privacy interests of approximately 15,000 Trust Claimants whose confidential, sensitive data would be disclosed and found that further protections were necessary. The District Court then properly exercised its discretion by adopting the framework of protections against misuse of confidential, personal data developed by the District of Delaware. JA17-21. Accordingly, the District Court properly applied the Rule 45(d)(3)(A)(iii) standard and did not abuse its discretion in quashing the overbroad subpoenas.[10]

---

[10] In a throwaway assertion, Bestwall contends the District Court acted "arbitrarily" and treated the parties inconsistently in granting the Trusts' request for clarification and denying its motion for reconsideration. These contentions are without merit. As discussed, in light of Bestwall's attempt to circumvent the June 1 Order and claim that the June 1 Order was ambiguous, the Trusts were compelled to move for clarification on an expedited basis. *Supra* Statement of the Case V. The Trusts' request did not seek substantive relief or reconsideration, and provided an explanation of the parties' positions as well as a copy of Bestwall's proposed revised subpoena. JA1208-19 (parties' positions); JA1219 (proposed revised subpoena). The District Court only decided the request after Bestwall explained the revisions and contended they were fully compliant. JA1242-43. The District Court did not act arbitrarily by simply clarifying the relief it had already granted in light of Bestwall's claimed ambiguity.

The District Court also did not act arbitrarily in denying Bestwall's motion to reconsider. Initially, this assertion is improper given that the motion to reconsider is not on appeal before this Court. Further, as the District Court found, Bestwall's motion "nowhere identifie[d] let alone discusse[d] . . . the legal standards that govern a court's consideration of motions filed pursuant to Rule 59(e)." JA1468. Bestwall's contention that the District Court arbitrarily denied its motion to reconsider is belied by its failure to state and carry its burden under Rule 59(e).

Insofar as Bestwall's opening brief also implies the District Court was biased against Bestwall, this suggestion has no basis in the record. Bestwall's displeasure with the District Court's rulings does not demonstrate that Bestwall was treated

## CONCLUSION

For the foregoing reasons, this Court should affirm the District Court's June 1 and June 17 Orders quashing the overbroad subpoenas.


Dated:  October 4, 2021                    Respectfully submitted,

                                           */s/ Beth Moskow-Schnoll*
                                           Beth Moskow-Schnoll
                                           BALLARD SPAHR LLP
                                           919 N. Market Street, 11th Floor
                                           Wilmington, DE 19801
                                           Tel: (302) 252-4447
                                           E-mail: moskowb@ballardspahr.com

                                           *Attorneys for Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; Celotex Asbestos Settlement Trust; DII Industries, LLC Asbestos PI Trust; Flintkote Asbestos Trust; Pittsburgh Corning Corporation Personal Injury Settlement Trust; WRG Asbestos PI Trust; Federal-Mogul Asbestos Personal Injury Trust; Babcock & Wilcox Company Asbestos PI Trust; United States Gypsum Asbestos Personal Injury Settlement Trust; and Owens Corning / Fibreboard Asbestos Personal Injury Trust*

---

unfairly.  *E.g.*, *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt.*, *LLC*, 793 F.3d 313, 330 (3d Cir. 2015) (noting that adverse rulings do not indicate judicial bias).

## COMBINED CERTIFICATES OF COMPLIANCE

In accordance with the Federal Rules of Appellate Procedure and the Local Rules of this Court, I hereby certify the following:

I.  I am a member of the bar of the United States Court of Appeals for the Third Circuit.

II.  This Brief complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 9,202 words, excluding the items identified in Fed. R. App. P. 32(f).

III.  This Brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (a)(6) because it has been prepared in a proportionally spaced 14-point font using Microsoft Word.

IV.  The text of the electronic Brief is identical to the text in the paper copies.

V.  This brief was scanned for viruses using Windows Defender version 1.349.1925.0.  No viruses were detected.

Dated:  October 4, 2021

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## No. 21-2263

BESTWALL LLC,

Defendant-Appellant,

v.

ARMSTRONG WORLD INDUSTRIES, INC. ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST, *et al.*

Plaintiff-Appellees.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, a true and correct copy of the
foregoing document was caused to be served via the Court's electronic filing system
upon all parties to this matter. All parties to this matter are Filing Users as provided
for in Third Circuit Local Rule of Appellate Procedure 113.4(c).

> */s/ Beth Moskow-Schnoll*
> Beth Moskow-Schnoll
> BALLARD SPAHR LLP
> 919 N. Market Street, 11th Floor
> Wilmington, DE 19801
> Tel: (302) 252-4447
> E-mail: moskowb@ballardspahr.com
>
> *Counsel for Armstrong World
> Industries, Inc. Asbestos Personal
> Injury Settlement Trust; Celotex
> Asbestos Settlement Trust; DII
> Industries, LLC Asbestos PI Trust;
> Flintkote Asbestos Trust; Pittsburgh
> Corning Corporation Personal Injury
> Settlement Trust; WRG Asbestos PI*

*Trust; Federal-Mogul Asbestos
Personal Injury Trust; Babcock &
Wilcox Company Asbestos PI Trust;
United States Gypsum Asbestos
Personal Injury Settlement Trust; and
Owens Corning / Fibreboard
Asbestos Personal Injury Trust*